UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ANDREW MYERS, ET AL. | : | DOCKET NO. 2:06-cv-1785 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JOHN DOE, ET AL. | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

### I.

On January 10, 2008, defendants Desirae Strybos and American Mutual Insurance Company filed a Motion to Compel Discovery against plaintiff Andre Guidry. Doc. 19. According to this Motion, Ms. Guidry failed to respond to discovery propounded to her on April 28, 2006 and had no counsel of record in the action since November 20, 2007. *Id.* ¶ 6.

Although it is undocumented in the record, it appears that when the case was removed to federal court, the attorneys J. Louis Gibbens, III, Jeffery F. Speer, and Jason E. Fontenot became Ms. Guidry's counsel of record in the action. On March 27, 2008, these attorneys filed a Motion to Withdraw as counsel for Ms. Guidry. Doc. 22. This initial Motion was denied because counsel failed to comply with Local Rule 83.2.11 due to their inability to locate Ms. Guidry's telephone number or address. Doc. 23.

On June 20, 2008, counsel again filed a Motion to Withdraw, alleging that repeated attempts to locate Ms. Guidry resulted in failure. Doc. 24. On July 2, 2008, a telephone conference was held to discuss the Motion filed by counsel to withdraw [Doc. 19] and

1

defendants' Motion to Compel Discovery [Doc. 24]. According to the minutes from this conference:

> Mr. Gibbens explained his efforts to locate Andre Guidry and obtain from her information that would allow him to respond to the discovery propounded by defendant and counsel for defendant acknowledged those efforts and indicated an impression that Mr. Gibbens had done all he could to locate the individual. The court concluded, however, that the most effective mechanism for dealing with Ms. Guidry's failure to communicate with her counsel was to grant defendants' pending Motion to Compel and fix a deadline for Ms. Guidry to respond. Should Ms. Guidry fail to respond, personally or through counsel, by the stated deadline, then the undersigned would recommend to the trial judge that this matter be dismissed with prejudice as to plaintiff Andre Guidry. If Ms. Guidry should be found and if she should provide responses, Mr. Gibbens is asked to contact the court and advise whether he would like to proceed with his Motion to Withdraw. Should no answer be received and should the trial court accept the R&R to dismiss, the motion will be denied as moot.

Doc. 25.

As a result, this court ordered that defendants' Motion to Compel be granted. Doc. 26. Plaintiff Ms. Guidry was ordered to provide full and complete responses to the discovery propounded to her on or before July 18, 2008. *Id.* The court further noted that should Ms. Guidry fail to respond, a Report and Recommendation noting these facts and recommending that the district court should dismiss Ms. Guidry's claims with prejudice pursuant to Fed. R. Civ. Proc. 37(b)(2)(v) would be entered. Finally, this court ordered that defendants' counsel should send notification if no discovery was received by July 18, 2008. Doc. 27.

On August 4, 2008, this court received a letter from defendants' counsel advising that Ms. Guidry failed to respond to the discovery propounded to her. Doc. 28.

**II.**

According to Fed. R. Civ. Proc. 37, a party may move the court for an order compelling

2

discovery. When a party fails to comply with a court order compelling discovery, the court may take appropriate action, including "dismissing the action in whole or in part" by order. Fed. R. Civ. Proc. 37(b)(2)(v). Imposition of discovery sanctions is a matter of this court's discretion and is reviewed only for abuse. *Shipes v. Trinity Indus.*, 987 F.2d 311 (5th Cir. 1993), *reh'g denied* 996 F.2d 309 (1993), *cert. denied* 510 U.S. 991 (1993).

In this case, Ms. Guidry has failed to take an active role in the pursuit of her case. She has failed to respond to discovery requests despite this court's Order that she do so and its warning that she could be dismissed as a party from this lawsuit for her failure to comply. Further, counsel of record has been unable to locate Ms. Guidry. Due to her failure to take an active role in this matter, Ms. Guidry's counsel of record has sought leave from this court to withdraw.

Based on the above, this court finds that it is appropriate to recommend dismissal of Ms. Guidry as a plaintiff in this action with prejudice. Dismissal of Ms. Guidry's action will moot counsel of record's request to withdraw from the representation of Ms. Guidry [Doc. 24].

Also before the court is defendants' Motion for Attorney's Fees [Doc. 19] attached to its Motion to Compel Discovery Responses as to Ms. Guidry. The court finds merit to this motion, and for the reasons given it is granted.

According to Fed. R. Civ. Proc. 37(a)(5)(A), if a Motion to Compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Defendants propounded discovery on April 28, 2006. Ms. Guidry had a lengthy opportunity to reply to this discovery request before defendants' January 2008 Motion to Compel, or to withdraw from this

action.  She did neither.  Accordingly, this court finds that Ms. Guidry's actions necessitated the Motion to Compel and that she is therefore responsible for defendants' reasonable expenses in making that Motion.

This award of attorney fees is imposed against Ms. Guidry only.  It appears from the record and this court's experience with this matter that counsel for Ms. Guidry did attempt to comply and should not be penalized for the behavior of a recalcitrant client, particularly considering the efforts made to withdraw when her intractability became apparent.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff Andre Guidry be DISMISSED from this action WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that counsel of record's MOTION TO WITHDRAW FROM REPRESENTATION [Doc. 24] is MOOTED.

IT IS FINALLY RECOMMENDED that defendants' MOTION FOR ATTORNEY'S FEES in connection with their MOTION TO COMPEL [Doc. 19] be GRANTED in favor of defendants Desirae Strybos and American Mutual Insurance Company and against plaintiff Ms. Guidry.  A separate order is being issued herewith directed to counsel giving instructions on preparation of a judgment fixing this award.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED**

**PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on September 24, 2008.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE