RECEIVED
IN LAKE CHARLES, LA.
NOV 10 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ANDREW AND ZUELA MYERS** | : | **DOCKET NO. 2:06 CV 1785** |
| **VS.** | : | **JUDGE MINALDI** |
| **JOHN DOE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Presently before the court is a Motion to Dismiss [doc. 91] filed by the defendant, Philip Services Corporation ("PSC"). This motion has been opposed by the plaintiffs. The defendants filed a Reply and the plaintiffs filed a Supplemental Memorandum in Opposition.

The Motion to Dismiss asserts that the complaint fails to state a claim or cause of action against PSC upon which relief can be granted. Specifically, PSC argues that any alleged cause of action against PSC is prescribed on its face by virtue of the Louisiana one-year prescriptive period for tort actions.

## RULE 12(b)(6) STANDARD

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable inferences in a light most favorable to the plaintiff or nonmoving party. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). To avoid dismissal under a Rule 12(b)(6) motion, plaintiffs must plead enough facts to "state a claim to relief that is plausible on its face." *Id.* at 1974. "Factual

allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Id.* at 1965. Accordingly, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

## PROCEDURAL HISTORY

This is a personal injury tort action arising out of an automobile accident that occurred on July 2, 2004, when pieces of equipment, hereinafter referred to as the "pipe", were left on Interstate 10. The pipe was struck by a car driven by Desirae Strybos. After it was struck, the pipe became airborne and crashed through the window of Andrew and Zuela Myers, striking Andrew Myers in the head, causing injury.

On September 14, 2004, the plaintiffs, Andrew and Zuela Myers, filed suit in the 14th Judicial District Court ("JDC"), Parish of Calcasieu, naming Desirae Strybos, American National Insurance Company, Allstate Insurance Company, as well as "XYZ Corporation" and "ABC Insurance Company" as defendants. On October 22, 2004, this suit was removed to this court, where it was assigned Civil Action No. 04-2187. On May 2, 2005, this court dismissed the plaintiffs' claims against "John Doe, ABC Insurance Co., and XYZ Corp." without prejudice (for failure to prosecute or to substitute the proper defendants. On May 13, 2005, the court dismissed Allstate without prejudice.

On June 23, 2005, the plaintiffs amended their Complaint to join Calcasieu Parish Police Jury and Waterworks Dist. No. Nine of Ward Four as additional [non-diverse] defendants. The addition of these non-diverse defendants led this court to remand this matter to the 14th JDC on or about

December 12, 2005. Calcasieu Parish Police Jury and Waterworks Dist. No. Nine of Ward Four were ultimately dismissed in state court on September 25, 2006.

On October 12, 2006, this suit was again removed by Desirae Strybos and American National Insurance Company. The suit was assigned the present docket number as Civil Action 06-1785.

## ANALYSIS

In Louisiana tort actions are subject to liberative prescription of one (1) year and this time period begins to run on the day the injury occurred or the damages were sustained. La. Civ. Code art. 3492. "Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it." *Bailey v. Khoury*, 04-0620, p. 9 (La. 1/20/05); 891 So.2d 1268, 1275. Prescription is interrupted by the commencement of a suit against the obligor in a court of competent jurisdiction and venue. La. Civ. Code art. 3462. "Prescription runs against all persons unless exception is established by legislation." La. Civ. Code art. 3467.

When a party asserts a prescription issue, the burden of proof rests with the party asserting prescription unless the plaintiff's claim is barred on its face. *Lila, Inc. v. Underwriters at Lloyd's, London*, 2008-0681 (La. App. 4 Cir. 9/10/08); 994 So.2d 139, 142. If the plaintiff's claim is barred on its face, the burden of proof shifts to the plaintiff. *Id.* "Prescription may be defeated if it can be shown that the period was interrupted or that the right to plead prescription was renounced." *Id.* (citing *Lima v. Schmidt*, 595 So.2d 624 (La. 1992)).

The opposition does not dispute PSC's contention that the claim is barred on the face of the petition and instead argues that prescription was interrupted. Therefore, the burden of proof rests with the plaintiff to demonstrate that the complaint has not prescribed. The plaintiff argues that the

claim against PSC has not prescribed because 1) PSC and Strybos are joint obligors and under La. Civ. Code art. 2324(C), interruption of prescription against one joint tortfeasor is effective against all tortfeasors; and 2) the amending complaint relates back to the filing of the original complaint, which was filed within the prescriptive period.

### I.) Was Prescription Interrupted Under La. Civ. Code art. 2324(C)?

Louisiana Civil Code art. 2324(C) provides that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." "However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to the plaintiffs since no joint or solidary obligation would exist." *Levingston v. City of Shreveport*, 44,000-CA (La. 4 Cir. 2/25/09); 4 So.3d 942, 946 n.1.

In *Levingston*, the plaintiff sued the City of Shreveport on December 6, 2006. *Id.* at 945. On May 11, 2007, the plaintiff added the DOTD. *Id.* On September 6, 2007, the trial court dismissed the plaintiff's claims against the City. *Id.* On December 6, 2007, the DOTD filed an exception of prescription, arguing that the petition did not relate back to the original suit and therefore any claims were prescribed. *Id.* Louisiana's Fourth Circuit Court of Appeal first considered whether suit against the DOTD was interrupted, and concluded it was not, because the timely sued defendant was dismissed and there could be no joint and solidary obligation. Therefore, Article 2324(C) could not operate to interrupt prescription. *Id.* at 946 (citing *Renfroe v. State, Dep't of Trans. and Dev.*, 2001-1646 (La. 2/26/02); 809 So.2d 947, 950)).

The plaintiff argues that prescription is interrupted under Article 2324(C) and that "the interruption lasts as long as the suit is pending." As in *Levingston*, this Court dismissed the timely

4

sued defendants[1], so there is no joint and solidary obligation. Therefore, Article 2324(C) cannot interrupt prescription.

<u>II.) Does the August 9, 2009 Third Supplemental Petition "Relate Back" to the Filing of the Original Petition?</u>

The plaintiff can avoid prescription if the August 9, 2009, Third Supplemental Petition relates back to the original petition. If the amended petition "relates back" to the original petition, the suit against PSC was timely filed. The Fifth Circuit has stated that "under federal law, adding a new defendant generally does not relate back to the filing of the original complaint unless Federal Rule of Civil Procedure 15(c)(3) applied. *Braud v. Trans. Serv. Co. of Illinois*, 445 F.3d 801, 806 (5th Cir. 2008). In *Braud*, the Fifth Circuit considered whether relation back was permissible for a misnamed defendant, and noted that the test for relation back in Louisiana is modeled after the federal rule. *Id.* at 807 n.13 (citing *Ray v. Alexandria Mall*, 434 So.2d 1083, 1087 (La. 1983)).

Under either federal or Louisiana procedural law, for an amended petition to relate back in a misnomer case:

> (1) The amended claim must arise out of the same transaction or occurrence set forth in the original petition; (2) The purported substitute defendant must have received notice of the institution[2] of the action such that he will not be prejudiced in maintaining a defense on the merits; (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him; (4) The purported substitute defendant must not be a

---

[1] Desirae Strybos, American National Insurance Company, Allstate Insurance Company, and Calcasieu Parish Police Jury and Waterworks District Number Nine of Ward Four.

[2] The 2007 amendments to Fed. R. Civ. P. 15(c)(3) removed the word "institution" but this change was intended to be stylistic only. Baicker-McKee et al., <u>Federal Civil Rules Handbook</u> 534 (2009).

5

> wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Id.* The Fifth Circuit in *Braud* considered whether the addition of a new defendant, Ineos, related back to the original petition. *Id.* at 807. The plaintiffs argued that the amended complaint related back because it arose out of the same transaction or occurrence. *Id.* The court noted that the plaintiffs failed to address the last three criteria of the test, which are identical under both state and federal law. *Id.* at 808 & n.15. The Fifth Circuit concluded that Ineos did not have knowledge that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, and concluded that the addition of Ineos did not relate back. *Id.* at 808.

In the case at bar, the supplemental claim arises out of the same transaction or occurrence as set forth in the original petition; however, the PSC argues that the three other criteria are not satisfied. PSC argues that the second criterion is not satisfied because there is "absolutely no evidence that PSC was aware of the present lawsuit until it was served"[3] in 2009. The plaintiffs submit that "PSC was only named after an exhaustive search throughout the industry...".[4] The record reveals that PSC was added as a defendant after the running of the one-year prescriptive period in this matter. La. C.C.P. art. 1153 attempts to strike a balance between a plaintiff's right to proceed against the correct defendant and the defendant's right to be free from stale and prescribed claims. New plaintiffs and defendants may be added by amended pleadings if the applicable criteria are met. *Allstate Insurance Company v. Doyle Giddings, Inc.*, 40,496 (La.App.2d Cir.16),5 920 So.2d 404, *writ denied*, 2006-0425 (La.4/28/06), 927 So.2d 294.

---

[3] Reply Memorandum p. 2.

[4] Memorandum in Opposition, pp.6-7.

Under the second *Braud* criterion, the defendant must have received notice of the institution of the action such that PSC will not be prejudiced in maintaining a defense on the merits. The gravamen of the second criterion is prevention of prejudice to the defendant in preparing and conducting its defense. A fundamental purpose of prescriptive statutes is to protect a defendant from stale claims and from the loss or nonpreservation of relevant proof. Prescriptive statutes seek to prevent prejudice to a defendant either by a delay in notification of the claim (the prejudice usually being the deprivation of an opportunity to perform a timely investigation of the claim) or by the loss of documents or witnesses which the defendant would have gathered or preserved if timely notified. While designed to protect a defendant against prejudice from lack of notification of a claim within the period of limitation, prescriptive statutes are not designed to protect a defendant against non-prejudicial pleading mistakes that his opponent makes in filing the claim within the period. *Findley v. City of Baton Rouge*, 570 So.2d 1168 (La.1990). See also *Renfroe v. State, Department of Transportation and Development, supra*.

It is undisputed that PSC did not receive notice of the institution of the suit within the prescriptive period. There is prejudice to PSC in preparing a defense five years after the fact. The timely sued defendants were dismissed from the suit, therefore prescription against the PSC is not interrupted and the plaintiff's suit against it has prescribed, unless some other basis exists to revive the suit. *Levingston v. City of Shreveport*, 4 So.3d 942, 946, 44,000 , 5 (La.App. 2 Cir.,2009) citing *Renfroe v. State, Department of Transportation and Development*, 2001-1646 (La.2/26/02), 809 So.2d 947.

The third criterion of *Braud* requires that the purported substitute defendant must know or should have known that, but for a mistake concerning the identity of the proper party defendant, the

action would have been brought against him. The defendant argues that the third criterion is not satisfied because this is not a case of mistaken identity and even if it were, as stated previously, the plaintiffs cannot prove that PSC was ever aware of the suit prior to being served. The plaintiffs argue that they had no way of identifying PSC as the proper party. There is no showing in this case that the plaintiff mistakenly sued the wrong party due to a mistake of identity or that this fact was known by the PSC.

Lastly, the defendant argues that PSC is a wholly new or unrelated defendant, defeating the fourth criterion of the *Braud* test. The fourth criterion of *Braud* requires that the purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed. According to the court in *Findley v. City of Baton Rouge*, 570 So.2d 1168 (La.1990) when there is an identity of interests between the originally named defendant and the party the plaintiff actually intended to sue, the amendment may relate back, in the absence of prejudice, on the basis that the institution of the action against one serves to provide notice of the litigation to the other. Sufficiency of the identity of interests depends upon the closeness of the relationship between the parties in their business operations and other activities, an identity of interests having been found between a parent corporation and a wholly owned subsidiary. *Findley, supra*. In the case at bar, there is no evidence of any identity of interests between PSC and the original defendants. Therefore, the fourth *Braud* criterion has not been met.

## CONCLUSION

Considering the foregoing, the evidence does not establish that PSC knew or should have

known of the suit. Additionally, PSC is clearly not related to any timely filed defendant, which makes the supplemental petition tantamount to asserting a new cause of action. The August 2009 Third Supplemental Petition does not relate back. Accordingly, the defendant's Motion to Dismiss will be granted.

Lake Charles, Louisiana, this \_\_10\_\_ day of November, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE